UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN JOHNSON,

    Petitioner,

v.                                                 Case No. 8:14-cv-1702-VMC-EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

This matter is before the Court on *pro se* Petitioner Justin Johnson's Motion to Reopen Case. (Doc. 35). Respondent opposes the Motion, and Johnson has replied. (Docs. 37, 38). For the reasons that follow, the Motion is **DENIED**.

**I.    Background**

Johnson initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). He subsequently filed an amended petition. (Doc. 8). In the amended petition, Johnson challenged his 2005 convictions for second-degree murder and tampering with a witness. (*Id.* at 1). For the second-degree murder count, Johnson received a sentence of life imprisonment with a mandatory minimum of life as a prison releasee reoffender ("PRR"), a mandatory minimum of 99 years as a habitual felony offender ("HFO"), and a mandatory minimum of 75 years under Florida's 10/20/Life statute. (Doc. 13, Ex. 2, at 3). For the witness-tampering count,

1

Johnson was sentenced to 10 years in prison, to run consecutively to the sentence for second-degree murder. (*Id.* at 4).

On November 10, 2014, this Court dismissed Johnson's amended petition as untimely and entered judgment against him. (Docs. 16, 17). The Court explained that Johnson failed to seek federal habeas relief within the one-year limitation period set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Doc. 16 at 3-5). Johnson subsequently moved to reopen the case, arguing that the limitation period began to run in July 2007 rather than July 2006, as the Court had previously held. (Doc. 22). In support, Johnson noted that in June 2007, the state trial court had amended his judgment by removing the 99-year HFO sentence.[1] (*Id.* at 2-3; *see also* Doc. 28-2, Ex. B). This Court denied the motion to reopen on May 15, 2015, holding that (1) the removal of the 99-year HFO sentence did not restart AEDPA's limitation period because "no new sentencing hearing was held" and "Johnson's life sentence remained intact with its minimum mandatory terms of life and 75 years"; and (2) even if the limitation period began running in July 2007, the federal petition would still be untimely. (Doc. 30 at 2-4).

Five years later, Johnson filed another motion to reopen this case. (Doc. 35). He contends that AEDPA's limitation period was revived by two additional sentence modifications imposed by the state trial court. (*Id.* at 2; Doc. 38 at 1-2). First, on

---

[1] The trial court held that the 99-year HFO sentence was unlawful under *Grant v. State*, 770 So. 2d 655 (Fla. 2000), which reversed a "99-year [HFO] sentence" because it "did not exceed [the defendant's] concurrent life sentence as a" PRR. (Doc. 28-2, Ex. B, at 1).

November 13, 2018, the trial court removed the HFO designation from the second-degree murder count. (Doc. 37-1 at 2-4). The court explained that, although it had previously stricken the 99-year HFO sentence, it "specifically left the HFO designation itself intact." (*Id.* at 1-2). The court acknowledged that "the HFO designation[,] without a term of years now associated with it, ha[d] no substantive effect on a life sentence with a minimum mandatory of life as a PRR." (*Id.* at 3). Nevertheless, the court concluded that because "the HFO designation" was "illegal," it would "strike the [] designation" from the second-degree murder count. (*Id.*) The court directed the clerk to "record the newly amended judgment and sentence . . . *nunc pro tunc* to April 27, 2005"—the date of the original judgment. (*Id.* at 4).

Second, on June 10, 2020, the trial court corrected a "scrivener's error" in the "written judgment and sentence" by adding an HFO designation to the witness-tampering count. (Doc. 38-1 at 3). The court noted that it had "orally pronounced that [Johnson] was sentenced as an HFO to 10 years in prison for [the witness-tampering count], but the written judgment and sentence d[id] not reflect the HFO designation." (*Id.*) Thus, although "adding the HFO designation" would not "affect the length of the sentence," the court directed the clerk to "amend the judgment and sentence to reflect the HFO designation for" the witness-tampering count. (*Id.*)

Johnson contends that these two sentence modifications "restart[ed]" AEDPA's one-year limitation period. (Doc. 38 at 2). Accordingly, he requests that the Court "find hi[s] [amended petition] timely" and "reopen[]" this case. (*Id.*)

3

## II. Discussion

Because Johnson seeks to reopen a case that was dismissed in November 2014, his Motion arises under Federal Rule of Civil Procedure 60(b). Rule 60(b) authorizes a court to "relieve a party" from a "final judgment" or "order" if the party can show: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence" that could not previously have been discovered with "reasonable diligence"; (3) "fraud . . . , misrepresentation, or misconduct by an opposing party"; (4) a void judgment; (5) a judgment that "has been satisfied, released, or discharged," that is "based on an earlier judgment that has been reversed or vacated," or a judgment that it would no longer be equitable to apply "prospectively"; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Johnson is not entitled to relief under Rule 60(b). As an initial matter, he cannot rely on Rule 60(b)(1), (2), or (3) because his Motion was filed well over a year after his amended petition was dismissed. *See Matthews, Wilson & Matthews, Inc. v. Cap. City Bank*, 614 F. App'x 969, 970 (11th Cir. 2015) (noting that Rule 60(c)(1)'s one-year time limit "may not be extended"). Moreover, Rule 60(b)(4) does not apply here because there is no basis to conclude that the Court "lacked jurisdiction or [that] [Johnson] was denied due process." *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 736 (11th Cir. 2014). Nor can Johnson obtain relief under Rule 60(b)(5), which

4

"applies in ordinary civil litigation where there is a judgment granting continuing prospective relief, such as an injunction, *but not to the denial of federal habeas relief.*" *Griffin v. Sec'y, Fla. Dep't of Corr.*, 787 F.3d 1086, 1089 (11th Cir. 2015) (emphasis added).

Thus, Johnson can only reopen this case (if at all) under Rule 60(b)(6), which governs where there is some "other reason" that justifies relief. Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) is a "catchall" provision that applies "only in extraordinary circumstances"—for example, where there is a "risk of injustice to the parties" or a "risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 580 U.S. 100, 123 (2017). "[S]uch circumstances will rarely occur in the habeas context." *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1210 (11th Cir. 2014). The Court assumes, without deciding, that a sentence modification that creates a new judgment—and thus resets AEDPA's limitation period—may qualify as an "extraordinary circumstance" under Rule 60(b)(6). Nevertheless, Johnson is not entitled to relief because the changes to his sentences did not create a new judgment.

For purposes of AEDPA's limitation period, "there is one judgment, comprised of both the sentence and conviction." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014). "[A] state prisoner's AEDPA limitations period does not begin to run until both his conviction and sentence become final." *Thompson v. Fla. Dep't of Corr.*, 606 F. App'x 495, 501 (11th Cir. 2015). "[W]here a resentencing results in a new judgment, the new judgment restarts the statute of limitations." *Id.* at 502. But "not all post-judgment changes or corrections to a sentence result in a new

5

'judgment.'" *Id.* at 502 n.8. For example, an amended judgment entered *nunc pro tunc* to the date of the original judgment does not constitute a "new judgment" because it "relate[s] back to the date of the initial judgment." *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1267 (11th Cir. 2020) ("[B]ecause the correction to the sentence was imposed *nunc pro tunc*, under Florida law the 2014 amended sentence related back to the date of the initial judgment and was not a 'new judgment' for purposes of § 2244."). Likewise, "[m]inisterial or clerical corrections to a sentence do not qualify as a new judgment." *James v. Sec'y, Dep't of Corr.*, 499 F. Supp. 3d 1169, 1174 (S.D. Fla. 2020).

Neither of the two modifications to Johnson's sentences created a new judgment. In November 2018, the state trial court removed the HFO designation from the second-degree murder count. (Doc. 37-1 at 3). Significantly, the court directed the clerk to "record the newly amended judgment and sentence . . . *nunc pro tunc* to April 27, 2005"—the date of the original judgment. (*Id.* at 4). The amended judgment complied with the court's instructions. (Doc. 37-2 at 3). Thus, "because the correction to the sentence was imposed *nunc pro tunc*," the amended sentence "related back to the date of the initial judgment and was not a 'new judgment' for purposes of" AEDPA's limitation period. *Osbourne*, 968 F.3d at 1267; *see also Cassidy v. Inch*, No. 4:20-cv-131-WS-HTC, 2021 WL 4745695, at *2 (N.D. Fla. Oct. 12, 2021) ("[A]n amended judgment imposed *nunc pro tunc* is not a new judgment and does not restart the federal habeas limitations period.").

In June 2020, the trial court corrected a "scrivener's error" in the "written judgment and sentence" by adding an HFO designation to the witness-tampering

6

count. (Doc. 38-1 at 3). During sentencing, the court had "orally pronounced that [Johnson] was sentenced as an HFO to 10 years in prison for [the witness-tampering count], but the written judgment and sentence d[id] not reflect the HFO designation." (*Id.*) To correct that oversight, the court directed the clerk to "amend the judgment and sentence to reflect the [orally pronounced] HFO designation for" the witness-tampering count.[2] (*Id.*) The court made clear that "[t]he 10-year sentence for" witness tampering "shall remain and shall not be modified." (*Id.* at 4). This ministerial change did not create a new judgment. It merely "corrected what [the court described as] a scrivener's error, *i.e.*, the omission of the oral pronouncement that [Johnson] was sentenced as a habitual felony offender." *Mathews v. Sec'y*, No. 8:09-cv-57-JSM-EAJ, 2009 WL 5128027, at *1 (M.D. Fla. Dec. 21, 2009); *see also Black v. Tucker*, No. 3:10-cv-391-LAC-EMT, 2011 WL 4552201, at *4 n.4 (N.D. Fla. Aug. 26, 2011) ("The change in the written judgment was merely clerical—it only corrected what was essentially a scrivener's error, that is, the omission of the sentencing court's oral pronouncement that Petitioner was sentenced as a habitual felony offender. . . . Therefore, . . . the 2009 corrected judgment, which did nothing more than correct a clerical or scrivener's error, did not restart the one-year limitation period."), *adopted by* 2011 WL 4551444 (N.D. Fla. Sept. 30, 2011).

---

[2] The June 2020 amended judgment is not in the record before this Court, but it is available on the state court's public docket. *See State v. Johnson*, No. 2003-CF-20443, Doc. 48, Amended Judgment (Fla. 6th Jud. Cir. June 18, 2020). Thus, the court takes judicial notice of the June 2020 amended judgment, which contains a note from the clerk that Johnson "was sentenced as an HFO . . . for this count [*i.e.*, the witness-tampering count]." *Id.* at 4.

7

Because the sentence modifications on which Johnson relies did not result in a new judgment, they did not restart AEDPA's limitation period. Thus, even if Johnson could proceed under Rule 60(b)(6), he would not be entitled to relief.

It is therefore **ORDERED** that Johnson's Motion to Reopen Case (Doc. 35) is **DENIED**. The **CLERK** is directed to **CLOSE** this case.

## Certificate of Appealability and Leave to Appeal *In Forma Pauperis* Denied

It is further **ORDERED** that Johnson is not entitled to a certificate of appealability ("COA"). Johnson must obtain a COA to appeal the denial of a Rule 60(b) motion in a § 2254 proceeding. *See Jackson v. Crosby*, 437 F.3d 1290, 1294-95 (11th Cir. 2006) ("It is still the law of this circuit that a certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a § 2254 or § 2255 proceeding."). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1). To obtain a COA, Johnson must show that reasonable jurists would find debatable both (1) the merits of the underlying claim and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Johnson has not made the requisite showing. Finally, because Johnson is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on September 13, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE